JOAQUÍN VENDRELL, Petitioner and Appellee, *v.* MUNICIPAL COURT OF SAN JUAN (FIRST SECTION), Respondent and Appellee; ERNESTO FERNANDO SCHLÜTER, Intervener and Appellant.

No. 6895. Argued February 5, 1935.—Decided February 21, 1935.

*L. Freyre Barbosa* and *A. Rivas* for appellant. *R. Rivera Zayas, J. Velilla,* and *P. Andino* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The district court, on certiorari, annulled the service of summons and subsequent proceedings in an action of unlawful detainer brought in the municipal court. The service had been made by a disinterested person more than twenty-one years of age in accordance with the provision of section 92 of the Code of Civil Procedure which authorizes the service of a summons "by the marshal of the district where the defendant is found, or by any other person over the age of eighteen, not a party to the action."

Sections 4 and 5 of the Act establishing unlawful detainer proceedings (Comp. Stat. 1911, sections 1628–29), read as follows:

"(1628) Sec. 4.—The action shall be commenced by filing a complaint prepared in accordance with that prescribed in the Code of Civil procedure for an ordinary action, and, after the filing thereof, the plaintiff and defendant shall be ordered to appear for a hearing which must be held within ten days after the commencement of the action.

"(1629) Sec. 5.—If the defendant can not be found at the place of trial, or if he resides elsewhere, the summons shall be served upon the person who, in his name, is in any way in charge of the property at said place. When summoning the defendant he shall be cautioned that in case of his failure to appear, either in person or by lawful agent, judgment of unlawful detainer will be taken against him without further summons or hearing."

Naturally enough, the district judge found some analogy in *González* v. *Registrar,* 39 P.R.R. 753, followed by this court in *Pontón* v. *Succrs. of Huertas González,* 42 P.R.R. 511. Analogy is "a good servant but a bad master." There is a marked difference between the summons in an action of unlawful detainer and the demand for payment in a summary foreclosure proceeding. The one is an initial step in an adversary proceeding, the other is a step preliminary to the execution of judgment already rendered in a proceeding which is not only summary, but, subject to certain negligible exceptions and qualifications, *ex parte.*

In *González* v. *Registrar, supra,* this court was construing the Mortgage Law from the standpoint of the well-known rule that because of its extremely summary and *ex parte* character, the procedure prescribed therein must be scrupulously observed. The unlawful detainer proceeding, on the other hand, although somewhat summary in some respects, is for the most part quite like an ordinary action. As in an ordinary action, a substantial compliance with its requirements as to service of summons will suffice. See *López* v. *Meléndez,* 22 P.R.R. 146.

The final paragraph of Article 171 of the Regulations for the enforcement of the Mortgage Law expressly provides that in certain circumstances "the judge shall order at the time

demand for payment is issued, that notice thereof be served on'' certain persons other than the mortgage debtor. Construing this paragraph in *Ferrer* v. *Registrar*, 44 P.R.R. 268, this court held, notwithstanding the dictum in the *González* case and notwithstanding the rule of strict compliance with all provisions of the Mortgage Law and of the Regulations for the enforcement thereof, that the service of such notice by a disinterested person, over the age of eighteen, other than the marshal of the district court, was a valid service. Section 4 of the Unlawful Detainer Act does not, in terms at least, require a formal order by the court as a condition precedent to the issuance of a summons. Even otherwise, service of the summons by a disinterested person over eighteen years of age instead of by the marshal would not, under the doctrine of the *Ferrer* case invalidate the service. In any event, whatever the rule may be as to service of a demand for payment in a summary foreclosure proceeding, we would not be disposed to extend the doctrine of the *González* case so as to cover the service of a summons in unlawful detainer.

Article 1570 of the former Spanish Code of Civil Procedure provided that: ''The writ of citation for the appearance shall be drafted immediately after the copy of the complaint, which shall be delivered to the defendant in the manner prescribed in article 721.'' Article 721 provided that: ''The citation of the defendant to appear shall be made by the secretary or bailiff of the court by delivering to him a copy of the written complaint, on which instrument, immediately after the complaint, the secretary shall draft the writ of citation, stating the date of the order and the date, hour, and place fixed for the appearance, with the admonition that the action will be heard in his default if he does not appear.'' This and other articles contained in Title XVII of the Spanish Code from which our present Unlawful Detainer Act was taken, were omitted when that act was passed one year after the adoption of our present Code of Civil Procedure. This omission by the Insular Legislature, while engaged in

the enactment of a law supplementary to the newly established Code of Civil Procedure and obviously intended to cover the entire field theretofore covered by Title XVII of the old code, is too significant to be overlooked. To interpolate into the new Act of Unlawful Detainer, sections 721 and 1570 of the old code, without any necessity therefor, would savor of judicial legislation. We can not adopt the theory of counsel for appellee that the judgment appealed from should be sustained merely because articles 721 and 1570 of the former Code of Civil Procedure expressly provided for service of summons by the secretary or bailiff, notwithstanding the equally plain provision of section 92 of the new Code of Civil Procedure adopted by the same legislature shortly before the enactment of the new law on the subject of unlawful detainer.

The judgment appealed from must be reversed and the case will be remanded for further proceedings not inconsistent herewith.